### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| CUSTOM QUEST, INC. | : | CASE NUMBER 1:23-cv-139 |
| 6511 W Chester Road, Suite A | : | |
| West Chester, OH, 45069 | : | JUDGE |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | |
| | : | |
| MARK FOCHT | : | |
| 120 Silverhallow Road | : | |
| Willow, New York 12495 | : | |
| | : | |
| and | : | |
| | : | |
| TEM CONSULTING, LLC | : | |
| 251 Little Falls Drive | : | |
| Wilmington, Delaware 19808 | : | |
| | : | |
| | : | |
| Defendants. | : | |

### COMPLAINT

Now comes Plaintiff, Custom Quest, Inc. ("CQ"), by and through counsel, and for its Complaint against Defendants TEM Consulting LLC, and Mark Focht states as follows:

### PARTIES

1. Custom Quest, Inc. ("CQ") is a corporation organized under the laws of the State of Ohio, with its principal place of business in West Chester, Butler County, Ohio. CQ engages in the business of, among other things, the wholesale distribution of healthcare products.

2. Defendant Mark Focht ("Focht") is an individual who resides in Ulster County, New York. Defendant Focht is the Member and Manager of Defendant TEM Consulting, LLC ("TEM"), a limited liability company organized under the laws of the State of Delaware, with its

1

principal place of business in New Castle County, Delaware.  Focht and TEM are collectively, "Defendants." TEM engages in the business of selling medical products, including, testing kits, gloves, and wipes, through a website, https://rapidvirusresults.com.

3. At all times relevant herein, Defendant Focht's control of TEM was so complete that TEM has no separate mind, will or existence on its own.

4. At all times relevant herein, Defendant Focht used TEM as a mere instrumentality to mislead and defraud CQ and CQ suffered injury because of Defendant Focht's control and wrongful conduct.

5. As a result, TEM's company veil should be ignored and Focht should be held personally liable for all amounts for which TEM is found liable.

## JURISDICTION AND VENUE

6. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. CQ is incorporated under the laws of the State of Ohio and has its principal place of business in Butler County, Ohio. Defendant TEM is organized under the laws of the State of Delaware and has its principal place of business in Delaware. Defendant Focht is a citizen of the State of New York. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. Venue is proper in, and Defendants TEM and Focht are subject to the personal jurisdiction of, this court pursuant to 28 U.S.C. § 1391 because Defendants do business in the Southern District of Ohio and a substantial part of the events or omissions on which the claims asserted herein are based occurred in this district.

**FACTUAL ALLEGATIONS**

8. CQ brings claims for damages against Defendants because of their breach of contract and fraud relating to the purchase and delivery of COVID-19 rapid tests.

9. On or about January 17, 2023, CQ and Defendants entered into a purchase agreement where TEM agreed to purchase from CQ 777,510 iHealth Antigen test kits for a total price of $3,313,830.00. Defendants agreed to pay CQ in bi-weekly installments of $500,000, beginning on January 17, 2023, until the test kits were paid in full. A true and correct copy of the purchase agreement and payment schedule is attached hereto as **Exhibit A**.

10. Defendants did not make the initial $500,000 payment to CQ on January 17, 2023.

11. During the week of January 23rd, Defendants asked CQ to ship 196,500 test kits and Defendant Focht represented the following by text message: "I swear the wire is coming. [i]f for some reason it doesn't, I will take a flight to Cincinnati Monday morning, and hand you a cashier['s] check personally."

12. In reliance on Defendant Focht's representation, CQ shipped 196,500 test kits to Defendants' customer in Vermont.

13. The payment by wire transfer that Defendant Focht promised CQ never materialized. Nor did Defendant Focht travel to Cincinnati to pay by cashier's check.

14. For the past few months, on numerous occasions, Defendant Focht has represented to CQ that payments were being made by wire transfer. On some of these occasions, Defendant Focht even provided false wire confirmation numbers to CQ.

15. In reliance on Defendant Focht's representation, CQ did not immediately cancel the purchase agreement.

16. To date, Defendants have not made a single payment to CQ under the purchase agreement.

## FIRST CAUSE OF ACTION

## BREACH OF WRITTEN AGREEMENT

17. CQ repeats and incorporates by reference each and every allegation set forth in paragraphs 1 – 15 above.

18. On January 17, 2023, CQ and TEM entered into a written purchase agreement where TEM agreed to purchase 777,150 iHealth Antigen OTC test kits for $3,313,830.00.

19. CQ has performed under the contract, including shipping 196,500 test kits to Vermont as directed by Defendants.

20. Defendants TEM and Focht materially breached the agreement by failing to pay CQ as required.

21. As a result of Defendants' breach, CQ has been damaged and continues to suffer damage.

22. As a direct and proximate result of Defendants' breach, CQ has been harmed in an amount more than $2,500,000.00, plus prejudgment interest, costs, and reasonable attorneys' fees, if allowed.

## SECOND CAUSE OF ACTION

## FRAUD

23. CQ repeats and incorporates by reference each allegation set forth in paragraphs 1 – 22 above.

24. To induce CQ to authorize the first shipment of test kits, Defendants made material misrepresentations to CQ that it was wiring funds or delivering a cashier's check in Cincinnati for

the first installment of the purchase price. After this shipment, Defendants continued to falsely represent to CQ that payment was made by wire transfer, even providing false wire and bank swift code information indicating that funds were sent.

25. Defendants TEM and Focht knew these representations were false and made these false promises with the intent to induce CQ to rely on them, ship 196,500 test kits, and not cancel the purchase agreement or sell the remaining test kits to others.

26. CQ justifiably relied on these false representations to its detriment by shipping 196,500 test kits and delaying its attempts to sell the remaining test kits to third parties.

27. As a direct and proximate result of the fraudulent misrepresentations made by Defendants TEM and Focht, CQ has been damaged in an amount more than $2,500,000.00, plus prejudgment interest, costs, and reasonable attorneys' fees, if allowed.

28. Furthermore, Defendants' purposeful and fraudulent conduct evidence actual malice towards CQ, is particularly gross or egregious, and reveals a conscious disregard for the obvious harm caused.

29. Accordingly, CQ is entitled to recover punitive damages and attorneys' fees.

WHEREFORE, CQ respectfully requests that the court enter judgment in its favor and against TEM and Focht, jointly and severally, as follows:

    a. An award of more than $2,500,000.00 in compensatory damages;

    b. An order awarding CQ pre-judgment and post-judgment interest;

    c. An award in favor of CQ and against Defendants for all costs and expenses, including reasonable attorneys' fees, incurred in connection with this action;

    d. An award of punitive damages; and

    e. All further legal and equitable relief which this court deems just.

Respectfully Submitted,

**FLAGEL & PAPAKIRK, LLC**
*Counsel for Plaintiff*

  /s/ *Hallie S. Borellis*
Todd J. Flagel (0066976)
Hallie S. Borellis (0076510)
FLAGEL & PAPAKIRK, LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
FAX: (513) 984-8118
tflagel@fp-legal.com
hborellis@fp-legal.com